

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00094-CV

IN RE JAY ANTHONY NOTTINGHAM, RELATOR

ORIGINAL PROCEEDING

April 6, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Relator, Jay Anthony Nottingham, appearing pro se, has filed a motion for leave to file a petition for writ of mandamus and a petition for writ of mandamus. Relator presents two complaints in his petition: (1) that respondent, the Honorable David L. Gleason, erred in denying Relator's motion to disqualify the Honorable John B. Board as the trial court judge in a long-dismissed criminal case; and (2) that Judge Gleason erred in designating Relator a vexatious litigant with instructions that the district clerk "not accept any more documents Mr. Nottingham may attempt to file in this matter." We deny the petition.

By opinion of March 31, 2020,[1] this Court held that Cause 27,150-B, the matter in which Relator sought to disqualify Judge Board, had been dismissed in 2017. Accordingly, there was no pending case or controversy at the time Relator filed his motion to disqualify in 2019. The motion had become moot and could not have been granted. *See State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 482 (Tex. Crim. App. 1985) (granting mandamus relief to void order of recusal after motion to recuse had become moot). Moreover, by the Government Code's own language, the objection provision that Relator claims to have invoked applies only in a "civil case." TEX. GOV'T CODE ANN. § 74.053(b) (West 2013). Finally, nothing in the language of Texas Government Code section 74.053 requires an assigned judge to wait seven days after appointment before ruling on a motion to disqualify. *See* TEX. GOV'T CODE ANN. § 74.053. Relator provides no support for his position that Judge Gleason's denial of the motion to disqualify was "premature," and we find no supporting authority. Relator's first issue is overruled.

Likewise, with regard to Relator's second complaint – that the trial court erred in sua sponte ordering the district clerk not to accept documents that "Mr. Nottingham may attempt to file in this matter" -- the Court holds that Relator demonstrates no basis for mandamus relief as the issue is moot. As per the prior opinion of this Court, the "matter" from which Relator has been prohibited from filing has been dismissed for more than two years. Relator has not been barred from filing in pending matters in which he is a party,

---

[1] *Nottingham v. State,* No. 07-20-00067-CR, 2020 Tex. App. LEXIS 2832 (Tex. App.—Amarillo, Mar. 31, 2020, no pet. h.) (per curiam) (mem. op., not designated for publication).

only in Cause 27,150-B.[2]  We find no abuse of discretion in the trial court's directions in prohibiting Relator from filing further in Cause 27,150-B.

We, therefore, deny the petition for mandamus.  We dismiss relator's request for leave to file a petition for writ of mandamus as moot.  *See* TEX. R. APP. P. 52, Notes and Comments ("The requirement of a motion for leave in original proceedings is repealed"); TEX. R. APP. P. 52.1; *In re Bryant,* No. 07-11-00052-CV, 2011 Tex. App. LEXIS 1421, at *5 n.4 (Tex. App.—Amarillo Feb. 25, 2011, orig. proceeding) (per curiam, mem. op.).

Per Curiam

---

[2] Accordingly, we find it unnecessary to determine at this time whether the trial court possessed authority to deem Relator a vexatious litigant.  There is no evidence in the record that the order contained an anti-suit injunction barring Relator from filing documents in other litigation matters in which he was a party.  *See In re Lagaite,* No. 07-11-00398-CV, 2011 Tex. App. LEXIS 8995, at *1-2 (Tex. App.—Amarillo Nov. 9, 2011, orig. proceeding) (per curiam); *In re Amir-Sharif,* No. 03-16-00100-CV, 2016 Tex. App. LEXIS 1780, at *1-2 (Tex. App.—Austin Feb. 19, 2016, orig. proceeding) (mem. op.).  Relator's name does not appear on the Texas Office of Court Administration's list of vexatious litigants subject to a prefiling order.  See https://www.txcourts.gov/judicial-data/vexatious-litigants/, last visited April 2, 2020.